UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSEA JENKINS,

    Plaintiff,

vs.                                          Case No._____

THE UNITED STATES OF AMERICA
d/b/a THE DEPARTMENT OF
VETERANS AFFAIRS D/B/A JOHN D.
DINGELL V.A. MEDICAL CENTER,
JAMES K. DUNCAN, D.P.M., SUNNY
SAJJAD, D.P.M. AND TORITSETSE
G. ANIEJURENGHO, N.P., Jointly
and Severally,

    Defendants.

_____/

FRANK MAFRICE & ASSOCIATES, P.L.L.C.
FRANK MAFRICE (P28075)
Attorney for Plaintiff
17000 W. Ten Mile Road, Suite 100
Southfield, MI 48075
(248) 552-0600
Email:  fm@mafricelaw.com
_____/

**THERE IS NO OTHER PENDING OR RESOLVED
CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION
OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT.**

**<u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

    NOW COMES the Plaintiff, Hosea Jenkins, by and through his attorneys, Frank Mafrice & Associates, P.L.L.C., and complaining against the above-named Defendants, states as follows:

1

## **COUNT I**

1. That at all times pertinent hereto, Plaintiff, Hosea Jenkins, was and still is a resident of the County of Wayne, State of Michigan.

2. That this action is brought against the United States of America d/b/a the Department of Veterans Affairs d/b/a John D. Dingell V.A. Medical Center, pursuant to the Federal Torts Claims Act, 28 USC 1346(b); 28 USC 2671 et seq.

3. That at all times pertinent hereto, Defendant, United States of America, by and through its agency, the Department of Veterans Affairs d/b/a John D. Dingell V.A. Medical Center, was actively involved in operating and maintaining a hospital in the City of Detroit, County of Wayne, State of Michigan, and at all times pertinent hereto, and for many years past, said Defendant has been engaged in the maintenance and operation of said hospital where persons afflicted with illness and disease are given care and treatment for a consideration.

4. That for purposes of this Complaint, Defendant, United States of America d/b/a The Department of Veterans Affairs d/b/a John D. Dingell V.A. Medical Center, will hereinafter be referred to as "USA."

5. That at all times pertinent hereto, Defendant, USA, represented and held itself out to the public and, in particular, to Plaintiff, Hosea Jenkins, that said hospital was equipped, qualified and prepared to receive the public for care and treatment, and that it employed and maintained on its staff skilled and competent physicians, surgeons, internists, residents, radiologists, interns, nurses, podiatrists, nurse practitioners and, in general, competent help otherwise in the conduct and operation of said hospital.

6.     That at all times pertinent hereto, Defendant, James K. Duncan, D.P.M., was engaged in the practice of his profession in the City of Detroit, County of Wayne, State of Michigan, and held himself out to the public and, in particular, Plaintiff, Hosea Jenkins, as a skilled and competent podiatric doctor and capable of properly and skillfully treating, caring for and curing individuals seeking his services.

7.     That Defendant, James K. Duncan, D.P.M., owed Plaintiff, Hosea Jenkins, the duty to possess reasonable degree of learning and skill that is ordinarily possessed by podiatrists in Detroit, Michigan, and similar communities and throughout the nation, and to use reasonable care and diligence in the exercise of his skill and application of his learning in the care and treatment of Plaintiff, Hosea Jenkins, in accordance with the standards prevailing in Detroit, Michigan, and similar communities and throughout the nation.

8.     That at all times pertinent hereto, Defendant, James D. Duncan, D.P.M., assumed responsibility for treating Plaintiff's right foot condition including, but not limited to: ulcer, infection and osteomyelitis.

9.     That at all times pertinent hereto, Defendant, James K. Duncan, D.P.M., undertook to examine, diagnose, treat, attend and care for Plaintiff, Hosea Jenkins.

10.    That at all times pertinent hereto, Defendant, Sunny Sajjad, D.P.M., was engaged in the practice of his profession in the City of Detroit, County of Wayne, State of Michigan, and held himself out to the public and, in particular, Plaintiff, Hosea Jenkins, as a skilled and competent podiatric doctor and capable of properly and skillfully treating, caring for and curing individuals seeking his services.

11. That Defendant, Sunny Sajjad, D.P.M., owed Plaintiff, Hosea Jenkins, the duty to possess reasonable degree of learning and skill that is ordinarily possessed by podiatrists in Detroit, Michigan, and similar communities and throughout the nation, and to use reasonable care and diligence in the exercise of his skill and application of his learning in the care and treatment of Plaintiff, Hosea Jenkins, in accordance with the standards prevailing in Detroit, Michigan, and similar communities and throughout the nation.

12. That at all times pertinent hereto, Defendant, Sunny Sajjad, D.P.M., assumed responsibility for treating Plaintiff's right foot including, but not limited to: ulcer, infection and osteomyelitis.

13. That at all times pertinent hereto, Defendant, Sunny Sajjad, D.P.M., undertook to examine, diagnose, treat, attend and care for Plaintiff, Hosea Jenkins.

14. That at all times pertinent hereto, Defendant, Toritsetse C. Aniejurengho, N.P., was engaged in the practice of her profession in the City of Detroit, County of Wayne, State of Michigan, and held herself out to the public and, in particular, Plaintiff, Hosea Jenkins, as a skilled and competent nurse practitioner and capable of properly and skillfully treating, caring for and curing individuals seeking her services.

15. That Defendant, Toritsetse C. Aniejurengho, N.P., owed Plaintiff, Hosea Jenkins, the duty to possess reasonable degree of learning and skill that is ordinarily possessed by nurse practitioners in Detroit, Michigan, and similar communities and throughout the nation, and to use reasonable care and diligence in the exercise of her skill and application of her learning in the care and treatment of Plaintiff, Hosea Jenkins,

in accordance with the standards prevailing in Detroit, Michigan, and similar communities and throughout the nation.

16.  That at all times pertinent hereto, Defendant, Toritsetse C. Aniejurengho, N.P, assumed responsibility for treating Plaintiff's right foot including, but not limited to: ulcer, infection and osteomyelitis.

17.  That at all times pertinent hereto, Defendant, Toritsetse C. Aniejurengho, N.P., undertook to examine, diagnose, treat, attend and care for Plaintiff, Hosea Jenkins.

18.  That at all times pertinent hereto, Defendants, James K. Duncan, D.P.M. and/or Sunny Sajjad, D.P.M. and/or Toritsetse C. Aniejurengho, N.P., were the apparent, ostensible, implied and/or expressed agents of and/or were employed by Defendant, USA, and were acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice hereinafter set forth and described were committed, thereby imposing vicarious liability upon Defendant, USA, by reason of the doctrine of Respondeat Superior.

19.  That on or about June 14, 2017, and thereafter, Plaintiff, Hosea Jenkins, impliedly and/or expressly hired and employed said Defendant, USA, its agents, servants and/or employees, to do what which was proper and necessary in the premises, in accordance with the prevailing standards, and said Defendant, USA, by and through its agents, servants and/or employees, did then and there, impliedly and expressly, represent to use due, reasonable and proper skill in the care and treatment of Plaintiff, Hosea Jenkins, in accordance with the applicable standard of care.

20. That at all times pertinent hereto, Defendant, USA, by and through its duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend and care for the Plaintiff, Hosea Jenkins.

21. That Defendant, USA, by and through its duly authorized agents, servants and/or employees, had the duty to provide Plaintiff, Hosea Jenkins, the services of a competent, qualified and licensed staff of physicians, nurses, podiatrists, nurse practitioners and other employees, to properly diagnose his condition, render competent advice and assistance in the care and treatment of his case, and to render the same in accordance with the applicable standard of care.

22. That the Defendant, USA, by and through its duly authorized agents, servants and/or employees, including Defendant, Toritsetse C. Aniejurengho, N.P., and each of them, on December 26, 2017, in disregard of their duties and obligations to Plaintiff, Hosea Jenkins, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars by failing to:

    a. Order an infectious disease consultation;

    b. Order a podiatric consultation;

    c. Order an orthopedic consultation;

    d. Order and initiate IV antibiotic therapy;

    e. Obtain consultation with a vascular surgeon;

    f. Obtain consultation with a supervising physician;

    g. Admit or recommend admission of Mr. Jenkins as an in-patient; and

    h. Other breaches which may be determined during litigation.

23. That the Defendant, USA, by and through its duly authorized agents, servants and/or employees, including Defendant, James K. Duncan, D.P.M., and each of them, on June 21, 2017, in disregard of their duties and obligations to Plaintiff, Hosea Jenkins, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars by failing to:

    a. Order further workup for suspected osteomyelitis;

    b. Order an MRI of Mr. Jenkins' right foot;

    c. Timely review the x-ray study performed on June 14, 2017, of Mr. Jenkins' right foot;

    d. Timely consider osteomyelitis in the differential diagnosis as of June 21, 2017, as it pertained to Mr. Jenkins' right foot;

    e. Order a bone scan of Mr. Jenkins' right foot;

    f. Order a leukocyte scan of Mr. Jenkins' right foot;

    g. Timely diagnose osteomyelitis affecting Mr. Jenkins' right foot;

    h. Timely institute antibiotic therapy; and

    i. Other breaches which may be determined during litigation.

24. That the Defendant, USA, by and through its duly authorized agents, servants and/or employees, including Defendant, James K. Duncan, D.P.M. and Sunny Sajjad, D.P.M., and each of them, on January 4, 2018 and/or January 8, 2018 and/or January 9, 2018, in disregard of their duties and obligations to Plaintiff, Hosea Jenkins, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars by failing to:

    a. Admit Mr. Jenkins to the medical center for aggressive medical care;

    b. Institute IV antibiotic therapy;

7

  c. Perform incision and drainage in a timely manner;

  d. Obtain infectious disease consultation;

  e. Obtain vascular surgery consultation; and

  f. Other breaches which may be determined during litigation.

25. That the acts and/or omissions constituting negligence and malpractice of the Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to Plaintiff, Hosea Jenkins, severe and grievous injuries, including, but not limited to: amputation of all the toes on his right foot.

26. That the acts and/or omissions constituting negligence and/or malpractice of the Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to the deprivation of Plaintiff, Hosea Jenkins', normal enjoyments of life, as well as and including, but not limited to: pain, suffering, disability, humiliation, embarrassment, mortification, fright, shock, disfigurement, mental distress, emotional anguish and anxiety. All of these conditions are consequences of Defendants' negligence and malpractice and are permanent and will continue indefinitely into the future.

27. That the acts and/or omissions constituting negligence and/or malpractice of Defendants, and each of them, as hereinbefore alleged, directly and proximately caused and/or contributed to Plaintiff, Hosea Jenkins', expenses, including, but not limited to: expenditures for extensive medical care and treatment, hospitalization, prosthetics, training, therapy, physicians, therapists, nurses, hospitals, appliances, medicinal substances and other items. All of these expenditures became necessary, totally or partially, as a consequence of Defendants' negligence and malpractice and Plaintiff's

condition, which requires these expenditures, is permanent in nature, and will continue indefinitely into the future, thus requiring Plaintiff, Hosea Jenkins, to expend similar sums and incur similar obligations.

28. That Plaintiff, Hosea Jenkins, has filed this Complaint within six months of Plaintiff receiving Defendant, USA's, "denial letter" dated September 6, 2019.

29. That Plaintiff, Hosea Jenkins, has filed and attached to this Complaint, Affidavits of Merit which are in compliance with MCL 600.2912b.

30. That the Standard Form 95 (Claim for Damage, Injury or Death) was filed with the appropriate governmental agency on or about December 18, 2018, and amended on or about March 28, 2019.

WHEREFORE, Plaintiff, Hosea Jenkins, claims judgment against the Defendants, USA, James K. Duncan, D.P.M., Sunny Sajjad, D.P.M. and Toritsetse C. Aniejurengho, N.P., jointly and severally, for whatever amount said Plaintiff is found to be entitled by the trier of fact, together with interest, costs and attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

Respectfully submitted,

FRANK MAFRICE & ASSOCIATES, P.L.L.C.

 /S/ Frank Mafrice
Frank Mafrice (P28075)
Attorney for Plaintiff
17000 W. Ten Mile Road, Suite 100
Southfield, MI 48075
(248) 552-0600
Email:  fm@mafricelaw.com

Dated:  December 9, 2019